IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LONG TRAN,

 Petitioner,

v.             No. 2:26-cv-01172-KG-GJF

MARY DE ANDA-YBARRA, et al.,

 Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Long Tran's Amended Petition for a Writ of Habeas Corpus, Doc. 4, and the Government's Response, Doc. 8. For the reasons below, Petitioner's habeas petition is granted.

### I. *Background*

Petitioner is a native and citizen of Vietnam. Doc 8 at 2. He legally entered the United States in 1991 through the Port of Entry at San Francisco. Doc. 1; Doc. 8-1 at 1. He was arrested on three separate occasions in 1993, 1994, and 1995, for burglary and shoplifting, and was ultimately convicted of these crimes in April 1996. Doc. 8-1 at 1. He received a sentence of 18 months for those convictions. *Id.* He was arrested and convicted of false imprisonment on August 11, 2000, and received a sentence of 2 years and 6 months. *Id.*

In March 2007, Immigration and Customs Enforcement ("ICE") detained Petitioner and initiated deportation proceedings. *Id.* On September 21, 2009, an immigration judge ordered Petitioner removed to Vietnam. Doc. 8 at 2. His order of removal became final on June 3, 2014, after the Board of Immigration Appeals ("BIA") dismissed his appeal. *Id.* However, in December 2014, ICE released Petitioner under an Order of Supervision after finding that he was ineligible for removal per agreement with Vietnam. *Id.* at 2.

1

On February 27, 2025, ICE canceled the prior release order and detained Petitioner.  Doc. 8 at 2.  ICE is working to secure travel documents to Vietnam for Petitioner.  *Id.*  Petitioner remains detained in Otero County Processing Center awaiting removal.  Doc. 4 at 1.

Petitioner seeks release from detention, alleging that the Government has failed to "effectuate [his] final removal order within six months."  Doc. 4 at 6.  The Government opposes the petition.  Doc. 8.

## II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    *Analysis*

Under the Immigration and Nationality Act ("INA"), when a noncitizen is ordered removed, the Government must execute the removal within a 90-day "removal period."  8 U.S.C. § 1231(a)(1)(A).  "During the removal period, the Attorney General shall detain the alien." § 1231(a)(2).  As relevant here, the "removal period begins" when the removal order "becomes administratively final."  § 1231(a)(1)(B).

Although the Government may continue to detain an "inadmissible" noncitizen beyond the 90-day removal period, *see* § 1231(a)(6), it may not detain them "indefinitely."  *Zadvydas*, 533 U.S. at 699.  A six-month detention is presumptively reasonable.  *Id.* at 701.  This presumptively reasonable period does not begin until the noncitizen is detained.  *See Callender v. Shanahan*, 281 F. Supp. 3d 428, 435 (S.D.N.Y. 2017) (stating that the presumptively reasonable period under *Zadvydas* "could not have begun until [the petitioner] was detained by ICE"); *see also Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1192 (N.D. Ala. 2011) ("*Zadvydas* time" cannot run "while

2

a petitioner is not in custody"). After six months, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 US. at 701.

Under these principles, Petitioner has met his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future. *See id.* Petitioner's removal became final on June 3, 2014. Doc. 8 at 2. Petitioner was arrested on February 27, 2025. *Id.* Petitioner has been detained for over fifteen months, well beyond the six-month period deemed presumptively reasonable by the Supreme Court. As Petitioner highlights, the Government previously released Petitioner under an Order of Supervision in December 2014, finding that Petitioner was ineligible for removal per agreement with Vietnam. Doc. 4 at 6; Doc. 8-1. As a result, the Court is persuaded that Petitioner's removal to Vietnam remains unlikely.

The Government has produced little evidence to rebut Petitioner's showing. The Government states that it is "working on securing travel documents," but it has not submitted proof of a travel document, proof of acceptance by Vietnam, proof of a scheduled removal, or any evidence that Petitioner's removal is reasonably foreseeable. *See Lush Ndou v. Noem*, 2026 WL 686564, at * 2 (D.N.M.) (concluding that "the completion of a pre-removal check" and assurance that arrangements are being made "do not amount to a significant likelihood that Petitioner will be removed in the reasonably foreseeable future. Good faith efforts are not enough."). The Government does not state whether Vietnam has changed its position with respect to Petitioner, given its prior denial of travel documents. Nor does the Government provide any information regarding the typical timeframe for Vietnam to process travel document requests or whether Petitioner's case falls within that range. *See e.g.*, *Ye v. Bondi*, 2025 WL 40334264, at * 5 (W.D. Okla.) (noting that "ICE's internal process lacks sufficient specificity with regard to Petitioner's

likelihood of removal"); *Yan-Ling X. v. Lyons*, 2025 WL 3123793, at * 4 (E.D. Cal.) ("The phrase 'significant likelihood' requires something more than a mere possibility that removal will occur."). In sum, the Government has not demonstrated that Petitioner will be removed in the reasonably foreseeable future.  For these reasons, the Court concludes that Petitioner is entitled to release from custody subject to reasonable conditions of supervision.

## IV.    *Conclusion*

For the reasons above, the Court orders that:

1.  The Petition for Writ of Habeas Corpus, Doc. 1, is granted.  The Government shall release Petitioner within 24 hours of this Order.  The Government shall not impose any new conditions of release beyond those in place prior to Petitioner's detention.

2.  The Government is enjoined from redetaining Petitioner absent a predetention hearing before a neutral immigration judge under § 1226(a), at which the Government must establish, by clear and convincing evidence, that Petitioner poses a danger or flight risk.

3.  The Government shall file a status report within 10 business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.